HASKELL *et al., Com'rs of Land Office,* v. HAYDON.

No. 2420. Opinion Filed April 9, 1912.

Rehearing Denied September 11, 1912.

(126 Pac. 232.)

1. PUBLIC LANDS—Grants by United States—Acceptance by State. Section 1, art. 11, of the Constitution, provides for the acceptance by the state of all grants of land and donations of money made by the United States under the provisions of the Enabling Act for the uses and purposes, and upon the conditions and under the limitations, for which the same are granted or donated.

2. SAME—Sale of School Lands. Section 9 of the Enabling Act (Act June 16, 1906, c. 3335, 34 St. at L. 274) provides that "sections 16 and 36, and lands taken in lieu thereof, herein granted for the support of the common schools, if sold, may be appraised and sold at public sale in 160-acre tracts or less, under such rules and regulations as the Legislature of the said state may prescribe; preference right to purchase at the highest bid being given to the lessee. * * * *"

3. SAME—Constitutional Provisions. Section 4, art. 11, of the Constitution, confers upon the Legislature exclusive power to pre-

Opinion of the Court.

scribe, "in conformity with the regulations of the Enabling Act," rules and regulations for the sale of all public lands set apart to the state by Congress, and all lands taken in lieu thereof, for charitable, penal, educational, and public building purposes.

4.   **SAME—Authority of Commissioners of Land Office.** Section 32, art. 6, of the Constitution, provides that the commissioners of the land office "shall have charge of the sale, rental, disposal and managing of the school land and other public lands of the state."

5.   **SAME—Size of Tracts.** There is no rule or regulation prescribed by the Legislature which requires the commissioners of the land office to offer for sale indemnity lands in excess of 160 acres, to wit, 640 acres, embraced in the lease of a school land lessee, and allow him a preference right to purchase the entire tract at the highest bid.

(Syllabus by the Court.)

*Error from Superior Court, Logan County;*
*J. M. Sandlin, Judge.*

Action by W. L. Haydon against C. N. Haskell and others as Commissioners of the Land Office of the State of Oklahoma. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for plaintiffs in error.

*Burford & Burford, J. Elmer Thomas,* and *Ed O. Cassidy,* for defendant in error.

KANE, J.   This was what is designated by counsel for defendant in error in their brief "a friendly suit," commenced for the purpose of settling certain rights which the defendant in error, who was plaintiff below, alleged he was entitled to as a school land lessee. The court below decided in favor of the plaintiff, defendant in error here; whereupon the Attorney General filed this proceeding in error to review the action of the trial court.

It seems that the defendant in error holds a valid lease on 640 acres of indemnity lands lying west of range 14, west of the Indian meridian. The record, as it stands in this court, presents for review the following question only:   Under the rules

and regulations prescribed by the Legislature governing the sale of indemnity lands, will mandamus lie, directing the commissioners of the land office to offer for sale the land covered by his lease, and allow him to exercise a preference right to purchase at the highest bid each 160-acre subdivision thereof?

This question must be answered in the negative. Section 9 of the Enabling Act provides that "said sections sixteen and thirty-six, and lands taken in lieu thereof, herein granted for the support of the common schools, if sold, may be appraised and sold at public sale in one hundred and sixty-acre tracts or less, under such rules and regulations as the Legislature of the said state may prescribe, preference right to purchase at the highest bid being given to the lessee at the time of such sale,. the proceeds to constitute a permanent school fund, the interest of which only shall be expended in the support of such schools. * * *" Act Cong. June 16, 1906, c. 3335, 34 St. at L. 274. Section 10 of the Enabling Act makes like provision in relation to sections 13 and 33. Section 1, art. 11, of the Constitution, provides for the acceptance by the state of all grants of land and donations of money made by the United States, under the provisions of the Enabling Act, for the uses and purposes, and upon the conditions and under the limitations, for which the same are granted or donated.

It will be noticed that each of the foregoing sections of the Enabling Act, in addition to granting a preference right to purchase at the highest bid to the lessee at the time of such sale, grants to the Legislature exclusive power to decide whether the land shall be sold, and, if sold, to prescribe rules and regulations in relation thereto. In pursuance of this power, the Legislature enacted article 6, c. 94. Comp. Laws 1909, entitled "An act providing for the sale of all public lands owned by the state of Oklahoma taken in lieu of lands embraced in sections numbered 13, 16, 33, and 36, according to the United States survey," etc. Section 7476 of that article provides for the sale of the lands known as "indemnity lands," subject to such "limitations, exceptions, conditions, rules, regulations and instructions, as provided in the Enabling Act, in this act, or any act amendatory

hereof.   *   *   *"   And paragraph b of section 7478 provides that:

"Any lessee holding a lease on any of the lands described in section 1 (7476) of this act, except New College lands, shall have the preference right to purchase one hundred and sixty (160) acres so leased at the highest bid at the time of the sale of the same as hereinafter provided in this bill: Provided, further, that none of the lands enumerated in section 1 of this act (7476) except the lands that bear no preference right which were secured under and by virtue of section 12 of the Enabling Act, which is under lease to any person or persons holding a lease on more than one hundred and sixty acres, on which he may claim a preference right of purchase, shall be sold until such lessee shall file a written waiver of his preference right to purchase any of such land so leased, except one hundred and sixty acres, with the commissioners of the land office, and the said commissioners shall reserve the same from sale until such waiver is so filed, and the purchaser shall accept said land with condition of such waiver.   *   *   *"

The foregoing rules and regulations are the only ones adopted by the Legislature governing the lands herein, and, of course, the lands must be sold in accordance with them, or not at all. If the prayer of the petition is granted, it will require the commissioners of the land office to proceed contrary to the directions of the Legislature, with whom lies the sole authority to prescribe rules and regulations.   If we understand paragraph b, *supra,* correctly, the lands embraced within the lease of the defendant in error cannot be sold until such lessee "shall file a written waiver of his preference right to purchase any of such land so leased, except one hundred and sixty acres, with the commissioners of the land office," and said commissioners are required to "reserve the same from sale until such waiver is so filed, and the purchaser shall accept said land with condition of such waiver." There is no allegation that the commissioners of the land office are about to proceed in violation of the foregoing statutory direction, or that they are offering or threatening to sell the lands embraced within the defendant in error's lease, or any part thereof, or to disturb him in the peaceable possession thereof. The lessee may refuse to file the written waiver of his

preference right, whereupon the lands embraced within his lease must be reserved from sale until such waiver is filed; but he cannot compel the commissioners of the land office to offer the entire tract for sale, or to give him a preference right to purchase at the highest bid a tract in excess of 160 acres, until the Legislature confers that power upon them, and it certainly has not done so up to this time.

The judgment of the court below must be reversed and the cause remanded, with directions to take such further proceedings as may be necessary, not inconsistent with this opinion.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.