1172

**SELTZER v. COMMISSIONERS OF LAND OFFICE.**

No. 35829.

Supreme Court of Oklahoma.

June 30, 1953.

Felix, Douglass & Griffin, by H. L. Douglass and Kenneth J. Wilson, Oklahoma City, for plaintiff in error.

R. H. Dunn, A. M. DeGraffenried, N. A. Gibson, Shell Bassett, Oklahoma City, and Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error, hereinafter referred to as plaintiff, was the lessee and owner of improvements on 132.74 acres of State school land in Oklahoma County when the Commissioners of the Land Office decided to offer it for sale at public auction. In accordance with the statutes governing such matters the tract, together with its improvements, was duly appraised at $201,-460 and notice was given that said property would be sold for cash immediately after the final bid and subject to the preference right of plaintiff to purchase the land at the highest and best bid therefor. In contemplation of the right given said Commissioners by Title 64 O.S.1941, § 82(a), the notice specified that "The State" reserved the right to reject any and all bids and that no bid would be considered as finally accepted "until approved by the Commissioners of the Land Office * * *." At the sale, the bid of Fred D. Newman, in the amount of $203,000 was the only one received,

though apparently other prospective bidders were present. In making a Return of Sale to the Commissioners, its Sales Director stated that he was surprised at the lack of competitive bidding among those present and in his judgment the amount bid was not a sufficient consideration for the property, and for that reason, he recommended it be rejected. Before the Commission had acted upon this recommendation, representatives of the plaintiff and another appeared before the Commission urging acceptance of Mr. Newman's bid and that plaintiff be allowed to exercise his preferential right to purchase the property at the same price and a check in that amount was tendered on his behalf to the Commission in payment therefor. At the hearing before the Commission with reference to approval or confirmation of the sale, it developed that plaintiff had a private arrangement with another person whereby he, immediately upon the exercise of his preferential right and delivery of title by the Commissioners to him, would in turn convey to said other person for a profit of $13,000. At the close of the hearing, the Commissioners rejected the bid and refused to approve the sale. Plaintiff then appealed from said decision to the district court, which sustained a motion to dismiss filed on behalf of the Commission. This appeal has been taken from said court's judgment sustaining said motion.

The Commissioners of the Land Office will hereinafter be referred to as defendants.

■■■ The question involved herein as set forth in plaintiff's brief is:

"Do the Commissioners of the Land Office have the power to reject the highest bid made at the sale of public land where the bid is in excess of the appraised value and all other statutory requirements of the sale have been met?"

In urging a negative answer to this question, plaintiff contends that the portion of Title 64, Sec. 82(a), supra, authorizing the Commissioners of the Land Office to reject bids, as was done here, is unconstitutional. He first contends that it is an unconstitutional delegation of legislative

power contrary to Art. 4, Sec. 1, of the Oklahoma Constitution providing for the separation of the State's powers into three separate departments: Legislative, Executive and Judicial. He argues that this is brought about by the cited statute's bestowal on the Commissioners of the authority and discretion to reject "any and all bids" without establishing any standards or criteria for their guidance. In another argument he concludes that the legislature in thereby authorizing such bid rejection by the Commissioners intended their authority to extend only to cases in which the statutory requirements concerning such sales had not been met. It is said that any other interpretation would leave the Commissioners with uncontrolled power over the sale of such lands and they could reject bid after bid in sale after sale, thus defeating the purpose for which such sales were provided. He relies on the rule that: "A statute which in effect reposes an absolute, unregulated, and undefined discretion in an administrative body bestows arbitrary powers and is an unlawful delegation of legislative powers," citing 42 Am.Jur. 342, § 45; Annotations: 12 A.L.R. 1435, 54 A.L.R. 1104, and 92 A.L.R. 400. Defendants contend that their right to reject bids is an administrative rather than a legislative function and is simply a necessary part of their discretion to determine whether or not any school lands should be sold. Neither of these arguments, in our opinion, reaches the crux of the matter. The reason for this is that the power of the Commissioners of the Land Office over the sale of school lands was not vested in them by statute, but as pointed out in Magnolia Petroleum Co. v. Price, 86 Okl. 105, 206 P. 1033, it was originally given to them by Sec. 32, Art. 6 of the Oklahoma Constitution. Thus it will be seen that Title 64, Sec. 82(a), supra, is not a delegation of any power which the Commissioners did not already have. Therefore, assuming without deciding, that the Commissioners' right, power, or discretion to reject "any and all bids" is a legislative, as distinguished from an administrative or judicial function, the constitutional inhibition contained in Art. 4, Sec. 1, of that same constitution does

not apply. Its powers in such matters, like the powers vested in the Corporation Commission by our Constitution, are beyond such inhibition. See Patterson v. Stanolind Oil & Gas Co., 182 Okl. 155, 77 P.2d 83; Russell v. Walker, 160 Okl. 145, 15 P. 2d 114. For other cases dealing with the principle that constitutional bestowal of a power withholds it from operation of the constitutional inhibition against its delegation by the legislature, see State ex rel. Donaldson v. Hines, 163 Kan. 300, 182 P. 2d 865, and Sandstrom v. California Horse Racing Board, 31 Cal.2d 401, 189 P.2d 17, 3 A.L.R.2d 90. As to other powers of the Land Commissioners upheld as incidental to the broad constitutional grant of power above referred to, see Haskell v. Haydon, 33 Okl. 518, 126 P. 232; Knapp v. State ex rel. Com'rs of Land Office, 196 Okl. 513, 166 P.2d 86; State ex rel. Land Office Com'rs v. Wall, 204 Okl. 665, 232 P.2d 940. Other courts have upheld the powers of similar boards, commissions and officials on various grounds. See for instance the lengthy discussion and authorities cited in State v. Field, 31 N.Mex. 120, 241 P. 1027; Pike v. State Board of Land Com'rs, 19 Idaho 268, 113 P. 447; Fuller v. Board of University and School Lands, 21 N.Dak. 212, 129 N.W. 1029; State ex rel. White v. Board of State Land Com'rs, 23 Wash. 700, 63 P. 532; U. S. v. Williams, 6 Mont. 379, 12 P. 851. On the related question of whether the exercise of the Commissioners' powers in such matters deprives a preferential lessee of property without due process of law, see Price v. Magnolia Petroleum Co., 267 U.S. 415, 45 S.Ct. 312, 69 L. Ed. 689.

As plaintiff's second proposition is made dependent upon our sustaining his first one, which we have been unable to do, we find it unnecessary to discuss the arguments set forth thereunder.

Judgment of the trial court is hereby affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and WILLIAMS, JJ., concur.

O'NEAL, J., dissents.