** Summary **
COMMISSIONERS OF LAND OFFICE — AUTHORITY TO POSTPONE SALE OF PUBLIC LANDS The Commissioners of the Land Office have the authority to prescribe rules and regulations necessary for the postponement of the sale of public lands. The Attorney General has received your opinion request wherein you ask the following question: "What legal steps must be followed to postpone the sale of Commissioners of the Land Office lands which sale was advertised to take place at a time and place certain?" Article VI, Section 32, of the Oklahoma Constitution provides: "The Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, and the President of the Board of Agriculture, shall constitute the Commissioners of the Land Office, who shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the State, and of the funds and proceeds derived therefrom, under rules and regulations prescribed by the Legislature." This section of the Constitution has been construed by the Supreme Court several times. In Betts v. Commissioners of the Land Office, 27 Okl. 64,110 P. 766 (1910), the Court stated: "The Commissioners of the Land Office, by virtue of Section 32, Article VI, have charge of the sale, rental, disposal and management of the school lands . . . under the rules and regulations prescribed by the Legislature of the State. The Board has no power to act other than under rules and regulations existing in the Territory of Oklahoma continued in force by virtue of Section 10 of the Enabling Act, or by rules and regulations as prescribed by the Legislature of the State." And, in the case of State ex rel Commissioners of the Land Office v. Duggins, 258 P.2d 891, where the Court stated: "(2) The Commissioners of the Land Office are vested with full authority over the sale, rental, disposal, and managing of school lands and other public lands of the State and of the funds and proceeds derived therefrom under rules and regulations prescribed by the Legislature. Such authority grants to the Commissioners the discretionary power to sell at such time, on such terms and in such amount as will result in the greatest benefit to the common school fund." (Emphasis added) It is apparent from the above statutes and the cases decided thereunder that the Commissioners of the Land Office have been vested with full and plenary power with regards to the sale, rental or disposal of public lands in the State of Oklahoma consistent with rules and regulations as prescribed by the Legislature. Title 64 O.S. 82 [64-82](j) (1971) states: "Rules and regulations governing the sale of any lands to be sold under the terms and provisions of this Act, not inconsistent herewith, may be made by the Commissioners of the Land Office." In a case construing this section of the Act, the Court said in Seltzer v. Commissioners of Land Office, 258 P.2d 1172 (1953) in the syllabus: "The right of the Commissioners of the Land Office to reject any and all bids at sales of State school lands specified in Title 64 O.S. 82 [64-82](a) (1941) is included and contemplated in their broad grant, by Article VI, Section 32 Oklahoma Constitution, of complete jurisdiction and charge of the sale, rental, disposal and management of such lands, and such legislative position is therefore not amenable to the charge that it violates Article IV, Section 1, of the said Constitution and the delegation of the legislative power function." It is clear that the Commissioners of the Land Office have full power with regard to the sale of public lands as contemplated by the above statutes and cases cited thereunder. As the statutes do not provide for the postponement of sales of public lands, nor do the rules and regulations as prescribed by the Legislature provide guidance, an apparent void has been created. However, in Oklahoma Tax Commission v. Fortenberry Co., 207 P.2d 301, the Court stated: "An officer or board has such implied powers as are necessary for due and efficient exercise of powers expressly granted, or as may be fairly implied from statutes granting the express powers." From this language it is clear that the Commissioners of the Land Office has such necessary powers as to determine the rules and regulations for the postponement of the sale of public lands. It is, therefore, the opinion of the Attorney General that the Commissioners of the Land Office have the authority to prescribe rules and regulations necessary for the postponement of the sale of public lands. (Paul C. Duncan)